UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA,

      v.

JOSEPH S. ZASO,

                        Defendant.

**DECISION AND ORDER**
22-CR-74-A

———————————————————

The Government moves, pursuant to 18 U.S.C. § 3145(a)(1), to revoke

Magistrate Judge Jeremiah J. McCarthy's conditional order releasing Joseph Zaso

("Defendant") pending trial.  Upon *de novo* review, and for the reasons stated below, the

Government's motion is granted.

## BACKGROUND

Defendant and his single co-defendant are charged in a four-count Indictment,

unsealed May 11, 2022.  Dkt. 1.  Defendant is charged with committing three counts,

specifically: narcotics conspiracy, in violation of 21 U.S.C. § 846; using and maintaining

a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and

distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  He is

also subject to a forfeiture allegation demanding at least $235,120.00 as property

derived from proceeds of the foregoing charges.

The Government moved for detention at Defendant's May 26, 2022 arraignment.

Dkt. 12.  The pretrial services division of the U.S. Probation Office also recommended

detention.  Magistrate Judge McCarthy held the detention hearing across three dates:

May 27, May 31, and July 19, 2022.  Dkts. 14, 16, and 26.  At the conclusion of the

hearing, Magistrate Judge McCarthy denied the Government's motion and Defendant was ordered released on a $50,000 property bond and numerous conditions; however, the magistrate also stayed the release until 5:00 p.m. of July 22, 2022 to allow the Government to seek review by this Court.  Dkt. 28 (transcript of July 19, 2022 hearing).

On July 21, 2022, the Government filed a motion for review of the bail determination.  Dkt. 29.  The following day, the Court granted the Government's request for a stay of the release order for the pendency of the bail revocation appeal.  Dkt. 33. On August 3, 2022, Defendant filed opposition papers and a request for records from U.S. Probation.  Dkt. 40.  The Government filed its reply on August 12, 2022.  Dkt. 42. Oral argument was heard on August 22, 2022 and the Court considered the matter submitted.  Dkt. 47.

## DISCUSSION

### I.    The Standard of Review

The district court performs *de novo* review of a magistrate judge's conditional release order.  *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).  When conducting *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence.  *See United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985).  The Court has reviewed all of the papers and the exhibits submitted, as well as the three transcripts of the detention hearing conducted by Magistrate Judge McCarthy.

### II.    Pretrial Detention pursuant to the Bail Reform Act

Under the Bail Reform Act of 1984, a criminal defendant awaiting trial must be released on bail unless the defendant presents an unreasonable risk of flight or "will

endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If, after a detention hearing, the court finds that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community," it must order the defendant detained prior to trial. 18 U.S.C. § 3142(e)(1).  Findings regarding the safety of other persons shall be supported by clear and convincing evidence, whereas a finding that the defendant poses a flight risk need only be supported by a preponderance of the evidence.  *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011).

In this case, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" because there is probable cause to believe Defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  18 U.S.C. § 3142(e)(3).  A grand jury indictment alone establishes probable cause; no independent finding of probable cause by the Court is necessary.  *See United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985).

Further, if unrebutted, this presumption of detention is sufficient to sustain the United States' burdens of proof on danger and serious risk of flight.  *See United States v. Rodriguez*, 950 F. 2d 85, 88 (quotation omitted) (2d Cir. 1991)*; see also United States v. Parker*, 65 F. Supp. 3d 358, 364 (W.D.N.Y. 2014).

In a presumption case, the defendant "bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight."  *United States v.*

*Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).  Upon satisfying this burden of production, the presumption that detention is required does not vanish; rather, it transforms into a factor to be considered by the Court alongside those listed in 18 U.S.C. § 3142(g).  *Id*.

In order to determine whether there are conditions of release that will reasonably assure the safety of the community and a defendant's appearances as required, the Court must consider the following:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including –

>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

**III.    Application to the Facts**

a.  <u>Nature and Circumstances of the Offense Charged</u>

Defendant has been charged with three serious drug offenses.  Count 1 alleges that he and his co-defendant participated in a drug trafficking conspiracy to possess with intent to distribute, and to distribute, 1 kilogram of a substance containing heroin and 400 grams of a substance containing fentanyl, and to use the premises at 12

Locust Street to manufacture, distribute, and use those substances.  The charge in Count 2 alleges use of the 12 Locust Street premises to manufacture, distribute, and use heroin and fentanyl and Count 3 alleges distribution of 40 grams of fentanyl.  All three charges are separately serious enough to trigger a rebuttable presumption according to 18 U.S.C. § 3142(e).

The Indictment does not allege that weapons were involved or that acts of violence were committed in furtherance of these crimes.  However, fentanyl and heroin are "lethal narcotics that are destroying communities and causing overdose deaths. Although not in and of themselves a crime of violence, the harm being caused by the distribution of these drugs can be more dangerous than some crimes that are categorized as crimes of violence."  *United States v. Mendez*, 2020 U.S. Dist. LEXIS 105823, at *12 (W.D.N.Y. June 17, 2020).

The Defendant has offered little to rebut the charges other than to note that none of the typical fruits (*e.g.* luxury vehicles, etc.) of large-scale narcotics trafficking have been discovered in his possession.

The Government also proffered that Defendant utilized electronic applications ("apps") including "Cash App" and "FaceTime" to conduct his drug trafficking business. This is significant because the Government argues that Defendant would be able to resume his drug trafficking by electronic means if he were released on bail.

The Court finds that this factor weighs heavily against releasing Defendant from custody.

      b.  <u>Weight of the Evidence</u>

The weight of the evidence against Defendant is strong.  The Government's proffer noted that multiple witnesses, including confidential sources and law enforcement officers, have provided information regarding the charges.  There are mobile phone and app records regarding Defendant's drug trafficking, GPS tracker information, a federal search warrant, seized paraphernalia, and laboratory reports regarding the narcotics.  Finally, approximately 296 grams of fentanyl were seized from one of Defendant's co-conspirators after law enforcement monitored the transaction between that individual and Defendant in September 2021.

The Defendant asserts, "upon information and belief," that cooperating witnesses 1 and 2 were both frequent drug users and therefore not credible sources.  He does not attempt to explain why law enforcement officers discovered a drug press, digital scales, and money straps in his residence when it was searched.

The Court finds that this factor also weighs against Defendant's release.

    c.  <u>History and Characteristics of Defendant</u>

The Defendant's criminal history includes several arrests and multiple felony convictions, including two prior narcotics felonies.  The more recent felony drug conviction was at the federal level.  On February 12, 2015, the Eastern District of Michigan entered a judgment based on Defendant's guilty plea to violating 21 U.S.C. §§ 841(a) and 841(b)(1)(B) and he was sentenced to 60 months of imprisonment, to be followed by 48 months of supervised release in the Western District of New York.  U.S.

Probation's report also revealed that Defendant has prior weapons convictions, prior bench warrants,[1] and a prior revocation of probation.

The Government proffered that Defendant committed the instant offense, in large part, while he was on federal supervised release. Defendant's narcotics conspiracy is alleged to have begun in September 2018, and his 4-year term of supervised release (imposed by the Eastern District of Michigan) did not end until sometime in July 2021.

The Government argues that Defendant's commission of the instant offense while he was on supervised release "is the strongest possible evidence" that supervisory conditions, like probation or home detention, will not reasonably assure that he will refrain from additional narcotics trafficking while out on bail. *See United States v. Talbert*, 2020 U.S. Dist. LEXIS 188835, at *13 (W.D. Pa. Oct. 13, 2020).

This Court agrees. Supervisory conditions can only effectively protect the community and minimize a defendant's risk of flight if there is a good faith basis to believe such defendant will actually abide by the conditions imposed. Based on the Government's proffer, the Court simply does not have confidence that Defendant will suddenly develop a level of respect for the Court that will inspire him to comply with conditions of release.

The Defendant clearly has well established ties to the western New York community. At the detention hearing, it was relayed to Magistrate Judge McCarthy that Defendant was the primary caregiver for two of his three children. Defendant also proffered that he was employed full-time for years, and was so employed at the time of

---

[1] Defendant's response brief addresses the circumstances surrounding the bench warrants. Based on this proffer, the Court finds the warrants to be a neutral element in the weighing of this § 3142(g) factor.

his arrest relative to this matter.  Assuming the foregoing to be true, these facts still do not outweigh Defendant's criminal history and the fact that he committed the instant crimes while on federal supervised release for a narcotics felony.

        d.  Nature and Seriousness of the Danger Posed

The nature of the danger that Defendant's release poses has been clearly elucidated by the Government: a return to narcotics trafficking via electronic means with the aid of others to actually deliver the drugs while Defendant remains on supervisory conditions.  The Court is acutely aware that the seriousness of this danger is significant.

**CONCLUSION**

The Court finds that Defendant does not pose a likely risk of flight, in light of his ties to Western New York.  However, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community should Defendant be released.

Accordingly, for all of the foregoing reasons, the Court finds that Defendant must be detained pending trial.  The Government's motion pursuant to 18 U.S.C. § 3145(a)(1) (Dkt. 29), seeking to revoke the conditional order releasing Defendant is GRANTED.

Defendant is hereby committed to the custody of the Attorney General pursuant to 18 U.S.C. § 3142(e) for confinement in a correctional facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

Defendant's cross-motion (Dkt. 40) for disclosure of U.S. Probation records is DENIED.

**SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   September 6, 2022