UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

JOSEPH S. ZASO,

                Defendant.

_____

**REPORT, RECOMMENDATION AND ORDER**

22-CR-0074(LJV)(JJM)

        Defendant Joseph Zaso is charged, along with a co-defendant, in a 22-count Superseding Indictment [85][1] with drug and firearms offenses, as well as various crimes related to allegedly false reports that he submitted to U.S. Probation. Before the court are Zaso's second supplemental pretrial motions[2] for discovery (Verrillo Declaration [295], ¶¶13-18), for a bill of particulars (id., ¶¶19-21), and to dismiss Counts 3 and 5 of the Second Superseding Indictment (id. at ¶¶24-32),[3] which have been referred to me by District Judge Lawrence J. Vilardo for initial consideration [11].

        Having considered the parties' submissions [292 (redacted version), 295 (sealed unredacted version), 298] and heard oral argument on February 9, 2024 [303], for the following reasons, the motions for discovery and a bill of particulars are denied, and I also recommend that the motion to dismiss be denied.

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     Zaso's previous two pretrial motions directed to the Indictment and Superseding Indictment were resolved. See Report, Recommendation and Order [87], adopted [190]; Report, Recommendation and Order [242], adopted [269].

[3]     To the extent that Zaso raises other motions, I consider those resolved based on e-mail exchanges with my chambers and counsel's representations at oral argument.

## DISCUSSION

**A.    Discovery**

"Rights of discovery in criminal cases, unlike in civil cases, are severely circumscribed." BCCI Holdings (Luxembourg), Societe Anonyme v. Pharaon, 1995 WL 489426, *4 (S.D.N.Y. 1995). Apart from the government's Brady,[4] Giglio,[5] and Jencks Act (18 U.S.C. §3500) obligations, Fed. R. Crim. P. ("Rule") 16 is "the sole authorized vehicle under the Federal Rules of Criminal Procedure for pre-trial discovery in criminal cases." United States v. Louis, 2005 WL 180885, *2 (S.D.N.Y. 2005).

Zaso seeks the following discovery:[6]

--    "Video recordings of witness testimony, along with any other statements made by said witnesses to law enforcement" Verrillo Declaration [295], ¶14(A);

--    "All statements, being oral or written, whether recorded by video or audio or not, associated with contacts that the Probation Department had with [his] employers during his period of supervision" Id. at ¶14(B);

--    "[A]ny police reports relative to the incidents associated with the possessing, brandishing, or discharging a weapon referenced in the Third . . . and Twelfth Count[s] . . . along with any calls for service, including 911 calls or body camera videos related thereto" Id. at ¶16;

--    "[A]ny release of records, credit reports, or other financial documentation executed by [him] to the United States Probtion Department during his period of post-release supervision" Id.; and

---

[4]    Brady v. Maryland, 373 U.S. 83 (1963).

[5]    Giglio v. United States, 405 U.S. 150 (1972).

[6]    These were the only portions of the motion that Zaso identified as being in dispute. *See* Zaso's counsel's February 5, 2024 e-mail (identifying "paragraph 14(a) and (b) and 16" as remaining in dispute).

--  "[A]ny and all financial records acquired by the United States Probation Department during the court of [his] post-release supervision" Id.

I will address these requests individually.

1.  **Witness Statements**

Rule 16(a)(2) does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Likewise, "[d]istrict courts lack the authority to compel early disclosure of Jencks Act (18 U.S.C. §3500) material." United States v. Ordaz-Gallardo, 520 F. Supp. 2d 516, 523 (S.D.N.Y. 2007)

Notwithstanding these limitations on my ability to order this relief, the government states, and Zaso does not dispute, that it has already voluntarily produced "grand jury transcripts and proffer reports documenting statements of potential witnesses", and represents that it will "disclose all [18 U.S.C. §]3500 material sufficiently prior to trial to allow [Zaso] adequate time to prepare and, in accordance with the District Court's pre-trial order". Government's Response [298] at 5. Zaso fails to demonstrate that Rule 16 or the Jencks Act require anything further.

At oral argument, Zaso relied on United States v. Cannone, 528 F.2d 296 (2d Cir. 1975). However, Cannone addressed the court's "authority to compel pretrial disclosure of the *identity* of government witnesses", not their statements. 528 F.2d at 300 (emphasis added). Therefore, this request is denied.

### 2. Materials Related to Counts Three and Twelve

The government states that it is "not aware of the materials" that Zaso seeks, leaving it unable "to produce materials it does not have". Government's Response [298] at 8. Since Zaso fails to contest these representations, I have no reason to doubt the government. *See* United States v. Johns, 336 F.Supp.2d 411, 424 (M.D. Pa. 2004) ("[t]he court is entitled to rely on the representations of counsel, as officers of the court"). Under these circumstances, these requests are denied.

### 3. Probation Department Records

The government states that it "has voluntarily provided U.S. Probation materials in its possession containing statements and information from [Zaso's] employers". Government's Response [298] at 6. At oral argument, the parties agreed that Zaso could subpoena any remining responsive material directly from U.S. Probation. Therefore, these requests are denied as moot.

## B. Bill of Particulars

Rule 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).[7] "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United

---

[7] Some courts have questioned the double jeopardy justification for granting particularization. *See, e.g.,* United States v. Payden, 613 F.Supp. 800, 816 n.16 (S.D.N.Y. 1985).

States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." United States v. Henry, 861 F.Supp.1190, 1197 (S.D.N.Y. 1994).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form." United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998). See United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("[i]n determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery"). "The necessity of a bill of particulars depends on the nature of the charged crime." United States v. Meregildo, 2012 WL 3834732, *5 (S.D.N.Y. 2012).

Here, Zaso seeks particularization of Counts 3, 6, 12, 16 and 17 through 22. Verrillo Declaration [295], ¶21. However, beyond reciting the general standard for obtaining a bill of particulars (id. at ¶19-20), Zaso offers nothing specific to satisfy his burden of establishing that non-disclosure of the requested particularization would lead to prejudicial surprise at trial or would adversely affect his rights. See United States v. Cobb, 544 F. Supp. 3d 310, 327 (W.D.N.Y. 2021) ("[w]hile reciting a litany of information that they desire, the defendants fail to

articulate why a bill of particulars is essential, instead citing in a conclusory form the legal standard for a bill of particulars"); United States v. Williams, 88 F.Supp.3d 117, 120 (N.D.N.Y. 2015) (denying request for a bill of particulars where the defendant "made no attempt to demonstrate need to prepare a defense or avoid surprise at trial"); United States v. Lupoi, 2014 WL 12681632, *3 (E.D.N.Y. 2014) ("[t]he defendant bears the burden of showing the information sought is necessary, and that he will be prejudiced without it . . . . The papers filed by Lupoi are woefully inadequate in this regard as they contain no analysis"); United States v. Pirk, 282 F.Supp.3d 603, 617 (W.D.N.Y. 2017) (the "motion for a bill of particulars cited nothing but Rule 7(f), thus arguably falling woefully short of his burden to show that the information is necessary to the preparation of his defense"); United States v. Watkins, 2019 WL 5196035, *3 (W.D.N.Y.), adopted, 2019 WL 5191021 (W.D.N.Y. 2019) (same).

Even with a more developed showing of need by Zaso, I would be skeptical of his entitlement to this relief. As the government notes, Zaso's motion to dismiss Count 3 of the Second Superseding Indictment indicates that he has a full understanding of the incident underlying that charge. See Government's Response [298] at 12 n.3.

Zaso also fails to dispute the government's representation that it has produced "substantial discovery", including witness statements and Jencks Act materials. See Government's Response [298] at 11. Under these circumstances, Zaso falls well short of establishing his entitlement to a bill of particulars. See United States v. Calvente, 2013 WL 4038952, *2 (S.D.N.Y. 2013) (denying a bill of particulars where "the Government has already provided much, if not all, Rule 16 discovery, and this Court will require it to provide Jencks Act material in advance of trial to apprise the Defendants of the essential facts"). Therefore, this motion is denied.

C.     **Dismissal of Count 3 and 5**

Count 3 of the Second Superseding Indictment charges Zaso with possessing, brandishing and discharging firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§924(c)(1)(A)(i), (c)(1)(A)(ii), and (c)(1)(A)(iii), and Count 5 charges him with distribution of heroin causing serious bodily injury, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)C). Zaso argues that both counts "were not established by legally sufficient evidence before the Grand Jury." Verrillo Declaration [295], ¶24. For instance, pointing to certain grand jury testimony, he contends that "the alleged discharge of a weapon [charged in Count 3] was [not] in furtherance of a drug trafficking crime". Id., ¶¶27-28. Likewise, he argues that the "lack of corroborating medical testimony is insufficient to establish" the offense charged in Count 5. Id., ¶32.

These are evidentiary challenges. Although Zaso will have an opportunity to test these charges at trial, summary judgment "does not exist in federal criminal procedure", and "the sufficiency of the evidence is not appropriately addressed by" a pretrial motion to dismiss. United States v. Sampson, 898 F.3d 270, 282 (2d Cir. 2018); United States v. Parker, 165 F.Supp.2d 431, 458 (W.D.N.Y. 2001). It is only in the "extraordinarily narrow" circumstance, when the government offers "what can fairly be described as a full proffer of the evidence it intends to present at trial", which has not occurred here (*see* Government's Response [298] at 17), that the sufficiency of the evidence may be tested. Sampson, 898 F.3d at 282. Therefore, I recommend that the motion be denied.

## CONCLUSION

For these reasons, Zaso's motions for discovery (Verrillo Declaration [295], ¶¶13-18) and for a bill of particulars (id., ¶¶19-21) are denied, and I also recommend that his motion to dismiss Counts 3 and 5 of the Second Superseding Indictment (id. at ¶¶24-32) be denied. Unless otherwise ordered by District Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by March 19, 2024. Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not

raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: March 5, 2024

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
