UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JOSEPH S. ZASO,

       Defendant.

22-CR-74-LJV
DECISION & ORDER

---

      The government has moved for authorization to depose a witness under Federal Rule of Criminal Procedure 15(a) due to the witness's health condition.[1]  Docket Item 330; *see* Fed. R. Crim. P. 15(a)(1) ("A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice.  If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.").  The defendant, Joseph S. Zaso, did not object outright to the request but filed a response raising several "concerns."  Docket Item 336.

      More specifically, Zaso questioned "whether a meaningful examination c[ould] take place" in light of the witness's health condition and noted that Zaso "has the right to meaningful cross-examination during such an examination."  *Id.* at 1.  Zaso also observed that "[m]eaningful examination from the defense perspective would be after

---

[1] The identity of the witness is known to the parties, but the Court will not disclose it publicly because the witness's interest in keeping medical information private outweighs the public's interest in knowing the witness's identity.

the *Jencks* materials have been disclosed" and he "expect[ed] to disagree with the government as to what information or particular individuals are relevant to the examination of [the witness]." *Id.* at 2 (emphasis added). Zaso stated that he would "prefer[] an in person examination rather than by video conference, if ordered by the Court." *Id.* Finally, Zaso "reserve[d] all rights and objections to the use of the deposition at trial." *Id.*

Based on the government's submission, the Court finds that the witness's health condition constitutes an "exceptional circumstance[]" that warrants taking the witness's deposition and that it is "in the interest of justice" to do so. *See* Fed. R. Crim. P. 15(a)(1).

The parties shall confer on the relevant *Jencks* material, and the government shall provide such material to the defense prior to the deposition. The Court will resolve any disputes in this regard.

The defendant's examination of the witness shall not be limited by the scope of the government's direct examination; however, if the defendant's questions go beyond the scope of the direct examination, the defendant shall examine this witness as if on direct examination—that is, without leading questions. The deposition shall be in person unless the witness's health condition prevents an in-person examination.[2] This

---

[2] If that is the case, the government shall provide a letter or affidavit from a medical professional treating the witness stating that the witness is unable to participate in person.

ruling does not preclude either party from objecting to the use of the deposition—or certain parts of the deposition—at trial.[3]

SO ORDERED.

Dated: April 30, 2024
Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[3] If Zaso feels that he was unable to meaningfully cross-examine the witness during the deposition, he may use that as a basis to argue that the deposition should not be used at trial.