UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————

UNITED STATES OF AMERICA,


    v.

                                  22-CR-74-LJV

JOSEPH S. ZASO,                      DECISION & ORDER

             Defendant.

—————————————————————————


       The defendant, Joseph S. Zaso, has been charged in a second superseding

indictment with various drug and firearm offenses, as well as crimes related to allegedly

false reports that he submitted to the United States Probation Office. Docket Item 262.

Zaso moved for discovery, for a bill of particulars, and to dismiss counts 3 and 5 of the

superseding indictment. Docket Item 292; Docket Item 295 (unredacted version filed

under seal). Approximately two weeks later, the government responded. Docket Item

298.

       On March 5, 2024, United States Magistrate Judge Jeremiah J. McCarthy issued

a Report, Recommendation and Order ("RR&O") denying Zaso's motions for discovery

and for a bill of particulars and recommending that Zaso's motion to dismiss be denied

as well. Docket Item 315. Zaso objected to the RR&O's recommendation to deny his

motion to dismiss, and he appealed Judge McCarthy's denial of his motion for a bill of

particulars. Docket Item 325. Several weeks later, the government responded. Docket

Item 329. Zaso did not reply, and the time to do so has passed. *See* Docket Item 331.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 USC § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court must review *de novo* those portions of a magistrate's recommendations to which a party objects. *Id*. With respect to non-dispositive motions, however, "a district court may only 'modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'" *United States v. Aventura Techs., Inc.*, 607 F. Supp. 3d 278, 282 (E.D.N.Y. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)). "This standard is highly deferential and only permits reversal where the magistrate [judge] abused his discretion." *Id*. (quoting *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 204 (E.D.N.Y. 2010)).

This Court has carefully and thoroughly reviewed the RR&O, the objection and response, and the materials submitted to Judge McCarthy. Based on that *de novo* review and for the reasons that follow, this Court accepts and adopts Judge McCarthy's recommendation in the RR&O not to dismiss counts 3 and 5. The Court also finds that Judge McCarthy's denial of the motion for a bill of particulars was not clearly erroneous or contrary to law and therefore will not disturb that order.

## DISCUSSION

## I.    MOTION TO DISMISS COUNTS 3 AND 5

Judge McCarthy recommended denying Zaso's motion to dismiss counts 3 and 5 of the superseding indictment, finding that Zaso raised "evidentiary challenges" rather than challenges to the sufficiency of the allegations in the indictment. Docket Item 315 at 7. As Judge McCarthy observed, "summary judgment 'does not exist in federal criminal procedure[,'] and 'the sufficiency of the evidence is not appropriately addressed

2

by' a pretrial motion to dismiss." *Id.* (quoting *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018)).  Zaso fails to address this caselaw in his objection.  *See* Docket Item 325.

This Court agrees with Judge McCarthy that the issues Zaso raises are not appropriate for resolution on a motion to dismiss the indictment.  *United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021) ("At the indictment stage, we do not evaluate the adequacy of the facts to satisfy the elements of the charged offense. That is something we do after trial.").  Rather, Zaso can challenge the sufficiency of the evidence in his arguments to the jury at trial and in a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a).

This Court therefore adopts Judge McCarthy's recommendation, and Zaso's motion to dismiss counts 3 and 5 of the superseding indictment is denied.

## II.    MOTION FOR A BILL OF PARTICULARS

As Judge McCarthy observed, "[a] bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  Docket Item 315 at 4 (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)).  And it is the defendant's burden "to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights."  *Id.* at 5 (quoting *United States v. Duarte*, 2014 WL 29366, *1 (W.D.N.Y. 2014)).  Judge McCarthy found that based on the substantial discovery provided by the government, and based on the lack of particularity in Zaso's arguments, "Zaso falls well short of establishing his entitlement to a bill of particulars."  *Id.* at 6.

Zaso's appeal does not identify—nor does this Court find—any error, let alone clear error, in that decision.  *See* Docket Item 325 at 3.  Thus, this Court will not disturb Judge McCarthy's decision, and the denial of Zaso's motion for a bill of particulars is affirmed.

## **CONCLUSION**

For the reasons stated above, this Court adopts Judge McCarthy's recommendation, Docket Item 315 at 7, to deny Zaso's motion to dismiss counts 3 and 5 of the superseding indictment.  Zaso's motion to dismiss, Docket Item 292, is therefore DENIED.  Judge McCarthy's decision, Docket Item 315 at 4-6, denying Zaso's motion for a bill of particulars, Docket Item 292, is AFFIRMED.


SO ORDERED.


Dated:      May 2, 2024
            Buffalo, New York


                                       */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE